___ FILED        ✓ LODGED
___ RECEIVED ___ COPY

OCT 13 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

✓ FILED        ___ LODGED
___ RECEIVED ___ COPY

NOV 12 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

JOHN S. LEONARDO
United States Attorney
District of Arizona
DOMINIQUE JULIET PARK
Special Assistant U.S. Attorney
Washington State Bar No. 38925
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: dominique.park@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Aida Magana Ballesteros,<br><br>Defendant. | CR-15-00769-PHX-DJH (MHB)<br><br>**PLEA AGREEMENT** |

Plaintiff, the United States of America, and the defendant, AIDA MAGANA BALLESTEROS, hereby agree to dispose of this matter on the following terms and conditions:

1.  **PLEA**

The defendant shall plead guilty to Counts 1 and 4 of the Indictment charging the defendant with False Statement in United States Passport Application, a class C felony, in violation of 18 U.S.C. § 1542, and Fraudulent Voter Registration, a class D felony, in violation of 52 U.S.C. § 20511(2)(A).

2.  **MAXIMUM PENALTIES**

a.  A violation of 18 U.S.C. § 1542 is punishable by a maximum term of imprisonment of 10 years, a maximum fine of $250,000, or both, and a term of supervised release of up to three years. The maximum term of probation, if applicable, is five years.

b.      A violation of 52 U.S.C. § 20511(2)(A) is punishable by a maximum term of imprisonment of five years, a maximum fine of $250,000, or both, and a term of supervised release of up to three years.  The maximum term of probation, if applicable, is five years.

c.      According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)      make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)      pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)      serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)      pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

d.      The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

e.      The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is a naturalized United States citizen or is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the

- 2 -

defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status in the United States. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

**3.    AGREEMENTS REGARDING SENTENCING**

a.    Acceptance of Responsibility.    If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Guidelines sentencing offense level pursuant to U.S.S.G.§ 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

b.    Non-Binding Recommendations.    The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

c.    Stipulation: Sentencing Cap. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree and stipulate that the defendant shall be sentenced to a term of imprisonment not to exceed the high-end of the applicable Guidelines sentencing range, as determined by the Court at the time of sentencing.

**4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss the following charges: Counts 2, 3, and 5 through 8.

b.    This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

//

## 5.   PERJURY AND OTHER OFFENSES

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, obstruction of justice, or any other offense committed by the defendant after the date of this agreement.  Any information, statements, documents, or evidence the defendant provides to the United States pursuant to this agreement, or to the Court, may be used against the defendant in all such prosecutions.

## 6.   COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION

a.   If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.   If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated.  In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings.  The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

## 7.   WAIVER OF DEFENSES AND APPEAL RIGHTS

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the

manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**8.    DISCLOSURE OF INFORMATION**

a.    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.    Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.    The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)    criminal convictions, history of drug abuse, and mental illness; and

(2)    financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**9.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due

immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**10.    ELEMENTS**

### False Statement in United States Passport Application

On or about January 29, 2013, in the District of Arizona:

1.    The defendant made a false statement in an application for a United States passport;

2.    The defendant made the statement intending to obtain a United States passport for her own use; and

3.    The defendant acted willfully and knowingly.

### Fraudulent Voter Registration

On or about July 1, 2011, in the District of Arizona:

1.    The defendant submitted a voter registration application;

2.    The defendant knew the voter registration application was materially false, fictitious, and fraudulent under the laws of the State of Arizona; and

3.    The defendant knowingly and willfully deprived, and defrauded the residents of the State of Arizona of a fair and impartially conducted elections process.

**11.    FACTUAL BASIS**

The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

### False Statement in United States Passport Application

On January 29, 2013, I, AIDA MAGANA BALLESTEROS, executed an

application for a United States Passport at the City Clerk's Office in Buckeye, Arizona. In this application, I stated and swore under penalty of perjury that I was born in Cloud County, Kansas. I submitted a copy of a delayed Kansas Birth Certificate as evidence of my birth in Cloud County, Kansas. Based on my representations, the Passport Acceptance Clerk forwarded my application to the United States Department of State for processing. The information contained in my application and supporting documentation is false because I was born in Guaymas, Sonora, Mexico. In 2000, I obtained a delayed Kansas Birth Certificate through the submission of documents containing statements that I knew to be false. I solicited an unnamed woman to falsely state in writing that I was born in Cloud County, Kansas and that she took me to Mexico a few days after my alleged birth in Kansas due to the death of my mother Socorro Ballesteros. Socorro Ballesteros is my mother and she is alive. I obtained a delayed Kansas Birth Certificate through false pretenses. In applying for a United States Passport, I intended to secure a passport for my own use and knew that my acts were unlawful and contrary to the laws regulating the issuance of passports.

### Fraudulent Voter Registration

On July 1, 2011, I, AIDA MAGANA BALLESTEROS, submitted a Voter Declaration to the Maricopa County Elections Department. In executing the Voter Declaration, I intended to register as an individual eligible to vote in state and federal elections. I knew that I was not eligible to register as a voter for state and federal elections because the Voter Declaration form asked me whether I am a United States citizen. Knowing that I am not a United States citizen, I nevertheless claimed status as a United States citizen and signed the Voter Declaration. Based on my representations, I am now a registered voter and have been so registered since July 1, 2011. My actions have deprived, and defrauded the residents of the State of Arizona of a fair and impartially conducted elections process.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

//

//

- 7 -

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and

may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

_10 · 13 · 2015_
Date

AIDA MAGANA BALLESTEROS
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to

//

//

//

- 9 -

make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

10 · 13 · 2015
Date

JOSEPH ANTHONY DUARTE
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

10/13/15
Date

DOMINIQUE JULIET PARK
Special Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

Nov 13, 2015
Date

DIANE J. HUMETEWA
United States District Judge

- 10 -